## DARKE COUNTY FARMERS LEAF TOBACCO CO v ROBESON

Ohio Appeals, 2nd Dist, Darke Co

No 418. Decided Dec 14, 1932

Murphy & Staley, Greenville, for John Robeson.

Jesse K. Brumbaugh, Greenville, T. A. Billingsley, Greenville, and James A. White, Columbus, for plaintiff.

HORNBECK, J.

Submitted on motion of defendant to dismiss the appeal of plaintiff.

The claim of the defendant is that the action is at law not in chancery because the defendant was not in a fiduciary relationship toward plaintiff company and therefore under the jurisdiction granted to this court on appeal by the Constitution of 1912, the cause is not appealable.

The brief of defendant, Robeson, is a strong presentation of the theory upon which it is predicated.

The pleadings are rather long, the proceedings voluminous and the court does not feel it necessary to discuss the matter presented at great length. Suffice to say that the petition sets out at considerable length the claimed relationship of the plaintiff and the defendant. In part it is averred that the plaintiff was the duly elected, qualified Secretary-Treasurer of plaintiff corporation and that by virtue of his office all moneys due the corporation have come into his hands and that he was granted by the corporation and assumed the additional duties incident to the general managership of said corporation and that he so acted as manager at all times since January 1, 1918 and that as manager he was in control of the received tobacco purchased by the corporation, tobacco consigned to the corporation and handling, sweating and resale and in his control also was the purchase of tobacco boxes and management of the sales of said tobacco boxes; and upon him as Secretary-Treasurer and Manager, it was his duty to keep an exact accurate account of all of his transactions. Then follows in considerable detail delineations of transactions wherein it was claimed that the defendant had improperly, carelessly and negligently so conducted the affairs of the corporation as to cause it great loss. It is averred that the proceeds of the sales, shipments of tobacco made under the direction of defendant, many of which sales and shipments were unknown to the plaintiff, were never accounted for by the defendant and did not appear on the books of the corporation. Then follows the averment that the plaintiff has no adequate remedy at law because of the allegations therein before in the petition made, but from their investigation of the books they believe that from the unauthorized and irregular conduct of said business as disclosed by said books, there is due and owing from the defendant to plaintiff the sum of $20363.23.

Then follows the prayer:

"Wherefore, plaintiff prays that the defendant be required to render a full account of all money received by him for or on behalf of said Darke County Farmers' Leaf Tobacco Company, and also that he may be required to disclose the disposition of all tobacco so handled and of his transactions for and on behalf of said corporation and for a disclosure of his transactions as an individual with said corporation and that upon a final hearing the plaintiff recover judgment against the defendant in the sum of Twenty Thousand Three Hundred Sixty-three and 23/100 ($20363.23) Dollars, or for the amount so shown to be due upon said account together with interest from the date of receipt of said money to the time of judgment and for plaintiff costs herein."

It will be noted that plaintiff pleads the fiduciary relation of defendant, Robeson.

There was no summons issued on this petition but in lieu thereof there appears a waiver of summons and appearance which in addition to the caption reads as follows:

"CIVIL ACTION
"Accounting and Equitable Relief."

and thereafter the usual language of a waiver of summons.

The defendant first filed a motion for an order and permission to inspect the books and documents of the corporation which was granted by the court. Thereafter, it appears by journal entry, "that B. G. Eidson, J. C. Ross, James B. Wilcox and Stephen Rhoades being personally interested in the issues herein involved in the case are each and all of them made parties defendant and voluntarily enter their appearance as parties defendant herein, duly waiving the issuance and service of summons." And it further appears to the court that said defendant, John Robeson, by reason of age and infirmity is unable to prepare and furnish a detailed accounting of the books and records of said plaintiff and that the same is necessary to a just solution of the issues herein involved; by agreement of all parties hereto, a jury is hereby waived for any and all issues that may arise in this case and the same shall be submitted to the court. And in pursuance of said agreement the court appoints F. C. King as Special Master Commissioner herein to make up an immediate audit of the books and records of said plaintiff which shall be immediately submitted to him as evidence and turned over to his possession upon his qualifying as such officer, who shall take testimony in writing upon all questions of fact and report his findings made thereof upon his due completion of the same. This entry is approved by the Common Pleas Judge and by counsel for parties, inc' ding counsel for John Robeson, defenda'

Thereafter, defendant, John Rob' his answer and cross petition ir at length sets up his duties, pr

sponsibilities as an officer of plaintiff company, denies any indebtedness; denies that the books and the records of the company disclose any indebtedness due corporation from him; denies any irregularities; denies that the plaintiff has no adequate remedy at law and by way of cross petition sets out a number of transactions wherein he claims that he is entitled to sums of money from the plaintiff corporation. Among other claims, he asserts he is entitled to credit of $4200.00 with 6% interest for salaries unpaid for a number of years which should be allowed to him, **"in this said accounting with said plaintiff."** He sets out his infirmity of age, lack of expert qualifications as a book-keeper and avers that he is "wholly unable to make up a **detailed accounting herein,** that he must, of necessity, depend upon this court to secure a just audit of said books, records and documents, etc." He further avers that the difference in the accounts of the corporation results from a failure to give proper credit to defendant when boxes filled with tobacco had been returned to the warehouse. He further states that said condition will be corrected and a different situation will result from a careful audit of said books of plaintiff and, thereafter, avers that B. G. Eidson, president and director of said plaintiff and J. C. Ross, Vice President and Director thereof have both taken an active part in the management and direction of the business affairs of said plaintiff, have both been in close touch with the transactions thereof, the books and records of this defendant as kept for plaintiff and made repeated audits of the same. Both of them bought from numerous consignees to plaintiff, their crops stored in the warehouse of plaintiff and from other parties, made numerous shipments of their tobacco with the stock of said plaintiff and also made direct settlement with the said purchaser thereof. Said defendants also sold quite a number of tobacco boxes of said plaintiff, the full extent of which operations are unknown to this defendant; that a full and complete knowledge of such activities are necessary **before an accounting can be made by this defendant** and each of them should be required so to do by this court before **his accounting herein.**

It is further averred that there was another unreported transaction of defendant, B. G. Eidson * * * the amount of which transaction is unknown to plaintiff or this defendant and this defendant is entitled to have reports concerning these and other transactions of said B. G. Eidson, **that all tobacco may be accounted for and** settlement be shown on the books of said plaintiff, first, before this defendant should be **required to make his said accounting herein.**

There follows many other alleged transactions whereby defendant claims credit by **way of accounting.**

The prayer of the answer is:

"Wherefore this defendant prays that the prayer of said petition for said judgment of $20,363.23, or for any other sum against this defendant, be denied, that it be required to present an itemized statement herein of the same. That said B. G. Eidson, J. C. Ross, Jas. B. Wilcox and Stephen Rhoades, be **each required to account** and pay herein their respective portions of said obligations of plaintiff and to make a showing of all transactions plaintiff engaged in, wherein they personally, were concerned, that a just and fair audit of the books of plaintiff be made, that the rights and interests of this defendant be protected, that said consignees claims be paid, **that said accounting be made** of said books and records of plaintiff, that this defendant be awarded all credits herein set forth and as may be shown due him, and that he have all such other and further relief, to which, in law, or in equity, he may be entitled."

All black face ours.

After the issues were made by the pleadings, the Special Master acting under his appointment took testimony at great length, inspected, examined and reported upon the books, records and documents of the corporation and made findings and an accounting between all parties involved, which report was transmitted to the trial judge and by him approved. Judgment was entered upon the finding of The Special Master Commissioner. Appeal proceedings were perfected to this court. After all this had been done, a motion to dismiss the appeal is made in this court.

We believe that so much of the pleadings and proceedings as we have heretofore set forth conclusively disclose (1) That the petition is clearly a suit for an accounting so recognized in chancery; that the principal relief sought is equitable; that the money judgment is only incidental; that the appointment of a Special Master Commissioner is recognition by all parties that the suit was in equity. The office of a Master is as ancient as the Court of Chancery itself and only has relation to purely chancery proceedings. The answer of defendant, Robeson, in every phase indicates the ne-

cessity of an accounting to determine his rights and that the original action was an accounting is recognized time and again in his pleading. Finally, counsel submitted their cause to a Special Master and proceeded on equitable principles. His report was made and confirmed as is customary in proceedings in accounting. At every step in this case from its inception to the time a motion was filed to dismiss the appeal, it has been considered and accepted as a chancery proceeding. We have no doubt that it is such and that from the judgment entered, appeal properly lies.

The motion will therefore be overruled.

ALLREAD, PJ, and KUNKLE, J, concur.